**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD JASTREMSKI,

    Plaintiff,

                               CASE NO.

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC. and THE BANK
OF MISSOURI,

    Defendants.

_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

COMES NOW Plaintiff, RICHARD JASTREMSKI (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and THE BANK OF MISSOURI (hereinafter "TBOM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**<u>PRELIMINARY STATEMENT</u>**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Clay County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.    TBOM is an FDIC insured bank with its principal place of business located at 916 N. Kings Highway in Perryville, Missouri 63775 that upon information and belief conducts business in the State of Florida.

14.    TBOM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.    TBOM furnished information about Plaintiff to Experian that was inaccurate.

## FACTUAL ALLEGATIONS

16.    Upon information and belief, Plaintiff is a victim of identity theft.

17.    Upon reviewing his credit reports, Plaintiff saw a few accounts which he had never opened, had never authorized anyone to open, nor had any knowledge of:

    i.    First Premier Bank Account beginning in # 517800

    ii.    Kikoff Lending Account beginning in #CL

    iii.    TBOM Account beginning in # 431732

    iv.    TBOM Account beginning in #WSPYXXXX with a balance of $585.00

18.    On or about February 3, 2026, Plaintiff filed three Complaints with the Consumer Financial Protection Bureau (hereinafter "CFPB") as to the fraudulent Kikoff Lending Account, First Premier Bank Account and TBOM account (CFPB Report # 260203-28477673)

19.    On or about February 6, 2026, Plaintiff filed an Identity Theft Affidavit with the Federal Trade Commission (hereinafter "FTC") (FTC Report # 197329604).

In the FTC Report Plaintiff stated how fraudulent accounts from First Premier Bank, Kikoff Lending and TBOM were opened in his name without his knowledge and appearing on his credit reports.

20.    On or about February 18, 2026, Plaintiff sent detailed written dispute letters via certified USPS Mail to Equifax, Trans Union and Experian (Tracking # 9589 0710 5270 2629 2532 39). In the disputes Plaintiff included is personal information, as well as images of his driver's licenses and correspondence from the Internal Revenue Service, to prove his identity. Plaintiff explained that the First Premier Bank, Kikoff Lending and TBOM accounts were fraudulent that that Equifax, Trans Union and Experian needed to investigate and remove the false information. Plaintiff included images of the fraudulent accounts as well as the FTC and CFPB reports he had filed.

21.    As of the filing of this Complaint, Plaintiff never received a response from any CRA as to his detailed dispute letters.

22.    On or about March 31, 2026, Plaintiff pulled updated reports and was pleased to see Equifax and Trans Union had deleted all the fraudulent accounts. When Plaintiff looked at his Experian report, while initially pleased to see the First Premier Bank and Kikoff Lending Accounts removed, he was shocked to see that the TBOM account remained.

23. Plaintiff could not fathom how Experian would delete two of the fraudulent accounts, but keep one of them on, especially when Trans Union and Equifax had corrected his credit reports.

24. Due to the continued inaccurate reporting by Experian, on or about May 29, 2026, Plaintiff sent another detailed written dispute letter via certified USPS Mail to Experian (Tracking # 9407 1111 0549 5816 0763 39). In the dispute Plaintiff included is personal information, as well as images of his driver's licenses and correspondence from the Internal Revenue Service, to prove his identity. Plaintiff explained that the while First Premier Bank and Kikoff Lending had been removed, the fraudulent TBOM still remained and needed to investigate and remove the false information. Plaintiff included images of the fraudulent accounts as well as the FTC and CFPB reports he had filed.

25. As of the filing of this Complaint, Plaintiff has never received a response from Experian as to either of his detailed written dispute letters.

26. Experian failed to do any independent investigation into Plaintiff's dispute, but rather continually parroted information it received from TBOM.

27. Experian never attempted to contact Plaintiff during the alleged investigation.

28. Upon information and belief, Experian notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided Experian in connection with the dispute investigation.

29. If at any point during this process, had the Defendants conducted reasonable investigations, the results would have been different.

30. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

31. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the error;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

    iv. Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score;

    v.     Loss of the ability to benefit from lower interest rates; and

    vi.    Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

32.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

33.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

34.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

35.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

36.     Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

37.     The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

38.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RICHARD JASTREMSKI, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT II</u>**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

39.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

40.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

9

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

42.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

43.    Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

44.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

45.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RICHARD JASTREMSKI, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

46.  Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

47.  After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

48.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

49.  As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

50.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

51.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, RICHARD JASTREMSKI, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

52.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

53.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

12

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

54.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

55.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

56.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

57.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, RICHARD JASTREMSKI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and

severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, The Bank of Missouri (Negligent)

58.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

59.     TBOM furnished inaccurate account information to the Experian, and through Experian to all of Plaintiff's potential lenders.

60.     After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

61.     Plaintiff provided all the relevant information and documents necessary for TBOM to have identified that the accounts were fraudulent.

62.     TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

14

including information provided to TBOM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

63.    TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information Experian after it had been notified that the information it was furnishing was inaccurate.

64.    As a direct result of this conduct, action, and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

65.    The conduct, action, and inaction of TBOM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

66.    Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RICHARD JASTREMSKI, respectfully requests that this Court award actual damages against Defendant, THE BANK OF

MISSOURI, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<strong><u>COUNT VI</u><br>Violation of 15 U.S.C § 1681s-2(b) as to<br>Defendant, The Bank of Missouri (Willful)</strong>

67. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

68. TBOM furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

69. After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

70. Plaintiff provided all the relevant information and documents necessary for TBOM to have identified that the account was fraudulent.

71. TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

16

including information provided to TBOM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

72. TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

73. As a direct result of this conduct, action, and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

74. The conduct, action, and inaction of TBOM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

75. Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RICHARD JASTREMSKI, respectfully requests that this Court award actual or statutory damages and punitive damages against

17

Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD JASTREMSKI, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and THE BANK OF MISSOURI , jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED 30th day of June, 2026.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000

18

Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*

19